# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:10cv581

| | |
|---|---|
| CLARENCE L. BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| Vs. ) | |
| ) | |
| CITY OF CHARLOTTE, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the court on defendant's Amended Motion for Partial Summary Judgment. The court held a hearing on this matter on December 19, 2012 in Charlotte, N.C. For the reasons therein, the court will deny defendant's motion.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The

nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## II.     ANALYSIS

The court is satisfied that there are unresolved issues of material fact that preclude granting defendant's motion. With respect to defendant Malone, while he may not have been the arresting officer in any of the three arrests, in this matter he is a defendant in his official capacity alone. And as was discussed at the motions hearing, there are genuine issues of material fact as to whether he is liable to defendant for his supervisory role over other defendants.

With respect to the second and third arrests because they are inextricably linked to the first arrest- the facts of which remain in dispute. The second arrest came when Officer Holding learned that defendant had a prior conviction for carrying a concealed weapon making the December 6 violation a potential felony. Without the first arrest, there would be no reason for the second. And because the first arrest remains in dispute, summary judgment on the second arrest is not appropriate at this time.

With regards to the arrest for missing the calendar call the court likewise finds that because it is linked to the first arrest, summary judgment is not appropriate. Although defense makes a correct argument that missing the calendar call constitutes a separate offense, it is an offense that arises totally and completely out of the first arrest. Defendant had committed no new act that- by itself- would have constituted a crime. But for the first arrest, defendant would have had no reason to be in court on August 24.

Furthermore, evidence was presented at the sentence hearing that defendant's August 31 court date was changed to August 24 on August 25. This evidence suggests not only that the court date was changed without defendant's knowledge, but also that it was changed for the specific purpose of forcing defendant into having committed a felony through no fault of his own.

### III. CONCLUSION AND ORDER

For the above reasons, the court is satisfied that that genuine issues of material fact remain which preclude granting defendant's motion. The court is mindful of defendant's well-reasoned argument and will continue to monitor the evidence as the case progresses.

**IT IS, THEREFORE, ORDERED** that defendant's Amended Motion for Partial Summary Judgment (#31) is **DENIED WITHOUT PREJUDICE**. Defendant shall have the opportunity to move for summary judgment on these issues again at trial after the close of plaintiff's evidence.

Signed: January 3, 2013

Max O. Cogburn Jr.
United States District Judge